# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 17, 2022

Lyle W. Cayce
Clerk

No. 21-51197
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BERNARDINO ADRIAN VENZOR-ORTEGA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-685-1

Before JONES, ELROD, and HIGGINSON, *Circuit Judges*.

PER CURIAM:*

Bernardino Adrian Venzor-Ortega appeals his sentence of 24 months of imprisonment and three years of supervised release for his guilty plea conviction of illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326(a).

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-51197

For the first time on appeal, he challenges the district court's application of the enhanced penalty in 8 U.S.C. § 1326(b) as unconstitutional because it permits a defendant to be sentenced above the statutory maximum of § 1326(a) based on the fact of a prior conviction that was not alleged in the indictment or found by a jury beyond a reasonable doubt. Although Venzor-Ortega's 24-month prison sentence is within the otherwise applicable statutory maximum in § 1326(a), the application of § 1326(b) allowed the district court to sentence him to three years of supervised release, above the one-year maximum for a § 1326(a) offense. *See* 18 U.S.C. §§ 3559(a), 3583(b).

However, he correctly concedes that the argument is foreclosed by *Almendarez-Torres v. United States,* 523 U.S. 224 (1998). *See, e.g.*, *United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Venzor-Ortega raises the issue to preserve it for further review and has filed an unopposed motion for summary disposition. Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Venzor-Ortega's motion is GRANTED, and the district court's judgment is AFFIRMED.